OPINION
{¶ 1} Amy Marie Bailey pled guilty in the Montgomery County Court of Common Pleas to two counts of aggravated robbery and one count of felonious assault. She was sentenced to five years of imprisonment on each offense, with all sentences to be served concurrently. Bailey appeals from the sentences imposed by the trial court.
 {¶ 2} Bailey raises two assignments of error on appeal, stemming from the sentences imposed by the trial court.
 {¶ 3} "I. The trial court failed to comply with R.C. 2929.11
and 2929.12 in sentencing appellant to a five year prison term."
 {¶ 4} Although Bailey's assignment of error refers to both R.C. 2929.11 and R.C. 2929.12, her argument is addressed only to R.C. 2929.12.
 {¶ 5} R.C. 2929.12 requires a trial court to consider factors relating to the seriousness of an offender's conduct and the offender's likelihood of recidivism in determining an appropriate sentence. Some of the factors that the trial court is to consider are enumerated at R.C. 2929.12(B)-(E). Bailey claims that the trial court failed to consider these factors because it did not discuss them in its decision.
 {¶ 6} "[U]pon a record that is silent with respect to the trial court's consideration of the factors set forth in R.C.2929.12, a presumption arises that the trial court complied with its duty to consider those factors." State v. Smith, Montgomery App. No. 19419, 2003-Ohio-1854, citing State v. Garrison
(1997), 123 Ohio App.3d 11. To overcome that presumption, a defendant must demonstrate that her sentence is "strikingly inconsistent" with the applicable factors of R.C. 2929.12. Id.
 {¶ 7} According to the state, Bailey robbed two pizza deliverymen at knife point and she assaulted her mother with a knife inside the mother's home. Her mother sustained injuries requiring medical attention. The aggravated robberies were first degree felonies with possible sentences of three to ten years of imprisonment and fines of up to $20,000. The felonious assault was a second degree felony with a possible sentence of two to eight years and a fine of up to $15,000.
 {¶ 8} Bailey correctly points out that the trial court imposed a five-year sentence for each offense without discussing specific reasons grounded upon the R.C. 2929.12 factors for doing so. However, she has cited no authority for her position that the trial court was required to make such findings, and we are aware of none. In fact, we specifically held in Smith that such findings were not required. We presume that the trial court based its decision upon the statutory factors unless the sentence is "strikingly inconsistent" with those factors. Id.
 {¶ 9} According to the presentence investigation, Bailey's attack upon her mother was unprovoked and occurred after she had arrived unannounced at her mother's home. Bailey attacked her mother while the mother was occupied with putting keys on a key ring, and she attempted to stab her mother in the chest. A struggle ensued during which Bailey's mother sustained multiple wounds requiring a total of 29 stitches. During Bailey's attacks on two pizza deliverymen, she jumped out of bushes and held the men at knife point while demanding their money. Both men escaped unharmed. Although these were Bailey's first offenses, they were violent offenses. The trial court's sentence of five years on each count was not "strikingly inconsistent" with her conduct and reflects the seriousness of the offenses and likelihood of recidivism, as required by R.C 2929.12. The trial court was not required to make specific findings.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} "2. The trial court failed to comply with R.C. 2929.14
by sentencing appellant to more than the shortest term authorized without finding that the shortest term would demean the seriousness of the offense of would not adequately protect the public from future crime."
 {¶ 12} Bailey claims that the trial court did not make the required findings for imposing sentences greater than the shortest terms authorized for the offenses of which she was convicted.
 {¶ 13} R.C. 2929.14(B) provides that the court must impose the shortest term authorized for an offense unless it finds that 1) the offender was serving a prison term at the time of the offense or had previously served a prison term, or 2) the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. The state concedes that the trial court did not make the findings required by R.C. 2929.14(B). The court stated only that it had considered the seriousness of the offenses, the potential for serious physical harm, and the infliction of physical harm. Because the court did not make the findings required by R.C. 2929.14(B), the matter will be remanded for the trial court to state its reasons for imposing a sentence greater than the shortest term.
 {¶ 14} The second assignment of error is sustained.
 {¶ 15} The judgment of the trial court will be affirmed in part and reversed in part. The matter will be remanded for the trial court to state its reasons for imposing sentences greater than the shortest terms authorized for the offenses.
Fain, P.J. and Brogan, J., concur.