[Cite as *State v. Russell*, 2011-Ohio-1738.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   10-CA-54 |
| v. | : | T.C. NO.    09-CR-809 |
| ANTHONY RUSSELL | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___8<u>th</u>___ day of ___April___, 2011.

. . . . . . . . . .

AMY M. SMITH, Atty. Reg. No. 0081712, Clark County Prosecutor's Office, 50 East Columbia Street, 4<u>th</u> Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Anthony Russell pled guilty in the Clark County Court of Common Pleas to attempted murder, a first degree felony (Count 1); felonious assault, a second degree felony (Count 4); and kidnapping (with a specification that the victim was not released in a safe

place unharmed), a first degree felony (Count 6). Each count involved a different victim. In exchange for the plea, the State agreed to dismiss one count of attempted murder, one count of kidnapping, one count of aggravated burglary, and four counts of felonious assault. After a presentence investigation, the trial court sentenced Russell to the maximum terms of ten years for the attempted murder, eight years for the felonious assault, and ten years for the kidnapping, to be served consecutively for an aggregate sentence of 28 years in prison.

{¶ 2} Russell appeals from his conviction and sentence, raising two assignments of error.

I

{¶ 3} Russell's first assignment of error states:

{¶ 4} "APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER GUILTY PLEAS."

{¶ 5} Russell claims that his guilty plea was not knowingly, intelligently, and voluntarily given. He asserts that the trial court did not comply with Crim.R. 11(C)(2) in three respects: (1) the court failed to mention whether he was eligible for community control; (2) the court failed to determine that Russell understood the effect of his guilty plea and that the court would proceed with sentencing; and (3) the court failed to properly advise Russell that he could not be compelled to testify against himself at trial.

{¶ 6} In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C). *State v. Greene*, Greene App. No. 2005 CA 26, 2006-Ohio-480, ¶8. "Crim.R. 11(C)(2) requires the court to (a) determine that the

defendant is making the plea voluntarily, with an understanding of the nature of the charges and the maximum penalty, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions; (b) inform the defendant of and determine that the defendant understands the effect of the plea of guilty and that the court, upon acceptance of the plea, may proceed with judgment and sentencing; and (c) inform the defendant and determine that he understands that, by entering the plea, the defendant is waiving the rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." *State v. Brown*, Montgomery App. No. 21896, 2007-Ohio-6675, ¶3. See, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶27.

{¶ 7} The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *Clark* at ¶29. The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights. *Clark* at ¶31. The failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶12.

{¶ 8} However, because Crim.R.11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108; *Greene* at ¶9. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Miller*, Clark App. No. 08 CA 90,

2010-Ohio-4760, ¶8, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶15. A defendant who challenges his guilty plea on the ground that the trial court did not substantially comply with Crim.R. 11(C)(a) and (b) must show a prejudicial effect, which requires the defendant to show that the plea would otherwise not have been entered. *Griggs* at ¶12.

**{¶ 9}** First, Russell claims that the trial court did not inform him that he was ineligible for community control. While this is true, none of Russell's offenses mandated a prison term. See R.C. 2929.13, R.C. 2923.02, R.C. 2903.11, and R.C. 2905.01. Nor had Russell previously been convicted of a first or second degree felony, which would have made him ineligible for community control in this case. R.C. 2929.13(F)(6). Accordingly, Russell was eligible for community control, even if it were unlikely that he would receive such a sentence considering the charges against him. Crim.R. 11(C) does not require the trial court to inform a defendant when he or she is eligible for community control; it only requires that a defendant be informed of his or her ineligibility. The trial court did not fail to comply with Crim.R. 11(C) when it did not mention community control at the plea hearing.

**{¶ 10}** Second, Russell argues that the court failed to determine that he understood the effect of his guilty plea and to inform him that the court may proceed with sentencing. During the plea hearing, the trial court did not ask Russell whether he understood that a guilty plea was a complete admission of his guilt. However, a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that, by pleading guilty, he has completely admitted his guilt. *Griggs*, supra. In such circumstances, the trial

court's failure to inform the defendant of the effect of his guilty plea, as required by Crim.R. 11(C), is presumed not to be prejudicial. Id.; *State v. Thomas*, Cuyahoga App. No. 94788, 2011-Ohio-214, ¶32.

{¶ 11} Russell has not claimed that he was innocent of the charges. Moreover, Russell signed a plea form, in which he stated that he understood that he was waiving his constitutional rights and that "by pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt. I know the judge may either sentence me today or refer my case for a presentence report. ***." Russell stated at the plea hearing that he had reviewed, understood, and signed the plea form. The court did not proceed directly with sentencing; instead, it referred the matter for a presentence investigation. Under these circumstances, Russell's plea was not rendered invalid by the court's failure to orally inform him of the effect of his guilty plea or that the court may proceed with judgment and sentencing.

{¶ 12} Finally, Russell claims that the trial court did not properly inform him of his right against self-incrimination. He states that the court gave the impression that he had a constitutional right to testify, instead of a constitutional right not to testify.

{¶ 13} The trial court reviewed Russell's constitutional rights, as follows:

{¶ 14} "THE COURT: Do you understand that you have the right to a trial in this case?

{¶ 15} "THE DEFENDANT: Yes, sir.

{¶ 16} "THE COURT: At that trial you would have the right to require the State to prove beyond a reasonable doubt each and every element of the offenses to which you're

pleading guilty and you could only be convicted upon the unanimous verdict of a jury. You would have the right to confront witnesses who testify against you, and your attorney could cross-examine those witnesses. You would have the right to use the Court's subpoena power to compel the attendance of witnesses on your behalf and you would also have the right to testify, but you could not be forced to do so. Do you understand those rights?

{¶ 17} "THE DEFENDANT: Yes, sir.

{¶ 18} "THE COURT: By pleading guilty you would be giving up all of these rights that we've gone over. Are you telling the Court that you want to give those rights up and plead guilty to Counts One, Four and Six of the indictment?

{¶ 19} "THE DEFENDANT: Yes, sir."

{¶ 20} In this colloquy, the trial court informed Russell that he could not be compelled to testify against himself and of his other constitutional rights. The court further determined that Russell understood that, by entering his guilty plea, he was waiving his right against self-incrimination as well as his other constitutional rights.

{¶ 21} The first assignment of error is overruled.

II

{¶ 22} Russell's second assignment of error states:

{¶ 23} "THE TRIAL COURT ERRED IN IMPOSING MAXIMUM, CONSECUTIVE SENTENCES UPON APPELLANT."

{¶ 24} In his second assignment of error, Russell claims that the trial court failed to consider the statutory policies behind felony sentencing, as set forth in R.C. 2929.11 and R.C. 2929.12. Russell acknowledges that his sentences were within the statutory range, and

he does not argue that the imposition of maximum, consecutive sentences was an abuse of discretion.

**{¶ 25}** We review a felony sentence using a two-step procedure. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens*, 179 Ohio App.3d 97, 2008-Ohio-5775, ¶4, quoting *Kalish* at ¶4. "If this step is satisfied, the second step requires that the trial court's decision be 'reviewed under an abuse-of-discretion standard.'" Id.

**{¶ 26}** The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). Unless otherwise required by R.C. 2929.13 and R.C. 2929.14, the trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). The trial court must consider the seriousness of the offender's conduct and the likelihood of recidivism. R.C. 2929.12. It may also consider any other factors that are relevant to achieving the purposes and principles of sentencing. R.C. 2929.12. See, also, *State v. Arnold*, Clark App. No. 2008 CA 25, 2009-Ohio-3510, ¶8.

**{¶ 27}** At sentencing, the court reviewed Russell's presentence investigation report, which revealed one prior conviction in 2006 for resisting arrest. Russell's counsel discussed Russell's mental illness, the fact that he was not on psychotropic medication when the offenses were committed, his compliant behavior in jail since he has been taking

medication, and his acceptance of responsibility for his actions. The prosecutor reviewed the underlying facts of the case, which included that Russell used wire cutters to sever telephone lines into the victims' house, broke a window and forced his way into the victims' home, stabbed and cut the throat of one of the older women, threw another older woman against a wall and broke her back, and held a third woman (his former girlfriend) at knifepoint during a standoff with police.

{¶ 28} In sentencing Russell to the maximum sentences on each count, to be served consecutively, the court did not mention the principles and purposes of sentencing or the seriousness and recidivism factors. When the record is silent, we generally presume that the trial court complied with its duty to consider the factors set forth in R.C. 2929.11 and R.C. 2929.12. *State v. Rice*, Clark App. No. 2010 CA 7, 2011-Ohio-130, ¶12; *State v. Bailey*, Montgomery App. No. 19849, 2004-Ohio-400, ¶6 (addressing R.C. 2929.12). "To rebut the presumption, a defendant must either affirmatively show that the court failed to do so, or that the sentence the court imposed is 'strikingly inconsistent' with the statutory factors as they apply to his case." *State v. Rutherford*, Champaign App. No. 08 CA 11, 2009-Ohio-2071, ¶34.

{¶ 29} The trial court's sentencing entry states that the trial court "considered the record, oral statements of counsel, the defendant's statement, the pre-sentence investigation report, the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12." And, the sentence imposed by the court was not strikingly inconsistent with the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case. A judgment entry's

inclusion of "magic language" indicating the trial court had considered the statutory factors in imposing sentence does not necessarily mean that the court indeed sufficiently considered those factors. See, e.g., *State v. Gephart* (May 5, 1995), Geauga App. No. 94-G-1861. However, we find nothing in this record to overcome the presumption that the trial court properly considered R.C. 2929.11 and R.C. 2929.12 in imposing sentence.

{¶ 30} Based on the record, Russell's sentence was neither contrary to law nor an abuse of discretion.

{¶ 31} The second assignment of error is overruled.

III

{¶ 32} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P.J. and BROGAN, J., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Amy M. Smith
Marshall G. Lachman
Hon. Douglas M. Rastatter