[Cite as *State v. Havens*, 2011-Ohio-5019.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee            :    C.A. CASE NO. 10CA0027

vs.                                    :    T.C. CASE NO. 08CR0344

TIMOTHY HAVENS                         :    (Criminal Appeal from
                                   Common Pleas Court)
     Defendant-Appellant           :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . .

Nick A. Selvaggio, Pros. Attorney, Atty. Reg. No. 0055607, 200 North Main Street, Urbana, OH 43078
     Attorney for Plaintiff-Appellee

Kathryn L. Bowling, Atty. Reg. No. 0084442, 111 West First Street, Suite 518, Dayton, OH 45402
     Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Pursuant to a negotiated plea agreement, Defendant Timothy Havens entered pleas of guilty on March 10, 2009, to one count of assault, R.C. 2903.13(B), a misdemeanor of the first degree, and one count of violation of a civil protection order, R.C. 2919.27(A)(1), (B)(3), a felony of the fifth degree. In

exchange, the State dismissed eleven other charges and recommended community control sanctions. The trial court sentenced Defendant on May 12, 2009, to three years of community control sanctions, which include special conditions prohibiting Defendant from having any contact with the victim, his wife.

{¶2} Defendant did not appeal his conviction and sentence. On June 22, 2010, following a hearing, the trial court found that Defendant had violated the terms of his community control by committing a new criminal offense, causing or attempting to cause physical harm to his wife on June 9, 2010. The trial court continued Defendant on community control, however, with additional conditions, including prohibiting Defendant from having any contact with the victim/wife.

{¶3} On July 22, 2010, following a hearing, the trial court found that Defendant had once again violated his community control by repeatedly making contact with the victim between July 5, 2010 and July 13, 2010. The trial court revoked Defendant's community control and sentenced Defendant to concurrent prison terms of six months for assault and twelve months for violation of a civil protection order.

{¶4} Defendant timely appealed to this court from the trial court's decision revoking his community control. Defendant's appellate counsel filed an Anders brief, *Anders v. California*

(1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 5} Defendant's appellate counsel has identified one possible issue for appeal.

**ASSIGNMENT OF ERROR**

{¶ 6} "APPELLANT'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AS REQUIRED BY LAW."

{¶ 7} Defendant did not appeal the conviction for assault and violation of a protection order that was entered on his guilty pleas. In *State v. Perry* (1967), 10 Ohio St.2d 175, at ¶9 of the syllabus, the Ohio Supreme Court stated:

{¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

{¶ 9} Defendant's claim that his guilty pleas were not entered knowingly, intelligently and voluntarily clearly could have been raised on direct appeal, but was not. Accordingly, that claim is now barred by res judicata. *Perry.* In any event, our examination of this record discloses that the trial court complied with Crim.R. 11(C)(2) in accepting Defendant's guilty pleas which were entered knowingly, intelligently, and voluntarily.

{¶ 10} In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Compliance with Crim.R. 11(C)(2) in accepting guilty or no contest pleas portrays those qualities. *State v. Fisher,* Montgomery App. No. 23992, 2011-Ohio-629, at ¶6.

{¶ 11} Crim. R. 11(C)(2) provides:

{¶ 12} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of

community control sanctions at the sentencing hearing.

{¶ 14} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 16} In *State v. Russell*, Clark App. No. 10CA54, 2011-Ohio-1738, at ¶7-8, we stated:

{¶ 17} "The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *Clark* at ¶ 29. The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights. *Clark* at ¶ 31. The failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly. *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, ¶ 12.

{¶ 18} "However, because Crim.R. 11(C)(2)(a) and (b) involve

non-constitutional rights, the trial court need only substantially comply with those requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108; *Greene* at ¶ 9. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Miller,* Clark App. No. 08 CA 90, 2010-Ohio-4760, ¶ 8, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15. A defendant who challenges his guilty plea on the ground that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b) must show a prejudicial effect, which requires the defendant to show that the plea would otherwise not have been entered. *Griggs* at ¶ 12."

{¶ 19} The record of the plea hearing in this case demonstrates that the trial court strictly complied with Crim.R. 11(C)(2)(c) in advising Defendant about the various constitutional rights he would be giving up by pleading guilty. Furthermore, the trial court substantially complied with Crim.R. 11(C)(2)(a) and (b) in determining Defendant's understanding of the various non-constitutional matters. Pursuant to the plea agreement, the State recommended community control sanctions and the trial court imposed that recommended sentence. Defendant's guilty pleas were entered knowingly, intelligently and voluntarily. This assignment of error lacks arguable merit.

{¶ 20} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

FROELICH, J., And HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio, Esq.
Kathryn L. Bowling, Esq.
Timothy Havens
Hon. Roger B. Wilson