[Cite as *State v. Hogan*, 2011-Ohio-5811.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

STATE OF OHIO              :

     Plaintiff-Appellee     :    C.A. CASE NO. 2010CA61

vs.                   :    T.C. CASE NO. 2010CR0174

MARCUS L. HOGAN        :    (Criminal Appeal from
                               Common Pleas Court)
     Defendant-Appellant    :

. . . . . . . . .

O P I N I O N

Rendered on the 10th day of November, 2011.

. . . . . . . . .

Stephen K. Haller, Pros. Attorney; Stephanie R. Hayden, Asst. Pros. Attorney, Atty. Reg. No. 0082881, 61 Greene Street, Xenia, OH 45385

     Attorneys for Plaintiff-Appellee

Gregory K. Lind, Atty. Reg. No. 0055227, One S. Limestone Street, Ground Floor, Suite D, Springfield, OH 45502
     Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Marcus Hogan, appeals from his conviction for two counts of non-support of dependents, R.C. 2919.21(B), (G)(1), felonies of the fifth degree, and from the trial court's denial of Hogan's Crim.R. 32.1 motion to withdraw his pleas of no contest.

{¶ 2} Defendant entered his no contest pleas in exchange for the State's agreement to recommend community control sanctions. At a hearing held on June 17, 2010, on the pleas Defendant offered, the following colloquies between Defendant and the court occurred:

{¶ 3} "THE COURT: Now, before you made your decision today to change your plea, do you feel you've had enough time to fully consider the right to have this case resolved by a jury trial or a Court trial?

{¶ 4} "DEFENDANT HOGAN: Would you repeat that?

{¶ 5} "THE COURT: Sure. Do you understand that you have the right to have the case against you resolved by a jury trial or a Court trial?

{¶ 6} "DEFENDANT HOGAN: Yes.

{¶ 7} "THE COURT: Do you understand you have that right?

{¶ 8} *       *       *

{¶ 9} "DEFENDANT HOGAN: Yes.

{¶ 10} "THE COURT: And you've chosen not to pursue that route?

{¶ 11} "DEFENDANT HOGAN: Yes, sir." (T. 6-7).[1]

{¶ 12} *       *       *

{¶ 13} "THE COURT: And, Mr. Hogan, since you are pleading no

---

[1] Omitted portions include responses by a defendant in another case who entered a guilty plea in the same plea proceeding.

contest, I want you to understand that a no contest plea is one in which you are not making an admission to the charge itself, you're simply not contesting the facts.  The significance of a no contest plea is one in which it cannot be used against you in any subsequent criminal or civil proceeding, but, by the same token, you should expect that based upon your plea of no contest the Court will make a finding of guilty as to every count that you enter a plea to.  Do you understand that?

{¶ 14} "DEFENDANT HOGAN: I understand.

{¶ 15} *     *     *

{¶ 16} "THE COURT: Okay.  Now I have in each of your cases a Rule 11 Waiver Form which appears to have your signature on the document.  Did you sign those documents?

{¶ 17} "DEFENDANT HOGAN: Yes, I did.

{¶ 18} *     *     *

{¶ 19} "THE COURT: Okay.  And did you understand everything in the document?

{¶ 20} "DEFENDANT HOGAN: Yes.

{¶ 21} *     *     *

{¶ 22} "THE COURT: You went over it with your attorney?

{¶ 23} "DEFENDANT HOGAN: Yes.

{¶ 24} *     *     *

{¶ 25} "THE COURT: Okay. Mr. Hogan, this document indicates you will be pleading no contest to two counts of Nonsupport of Dependents, both felonies of the fifth degree.

{¶ 26} "The specification, Chris, is what makes it a felony, is that correct?

{¶ 27} "MR. MURRAY: That is correct.

{¶ 28} "THE COURT: That doesn't enhance it beyond a fifth degree?

{¶ 29} "MR. MURRAY: No.

{¶ 30} "THE COURT: Is that your understanding of those two counts that you will be entering a plea to?

{¶ 31} "DEFENDANT HOGAN: Yes.

{¶ 32} "THE COURT: Okay. Do you appreciate that the maximum punishment the law provides in your case is a two year sentence of imprisonment, a $5,000 fine, or both?

{¶ 33} "DEFENDANT HOGAN: Yes." (T. 8-10.)

{¶ 34} * * *

{¶ 35} "THE COURT: Okay. Now, one final matter before we conclude this. I want you to be aware that when you plead guilty you are giving up the right to use certain very important Constitutional rights. You give up the right to a speedy and public trial to a jury or to the Court. That's the most significant one.

{¶ 36} "During the trial you give up the Constitutional right

of compulsory process to have witnesses testify on your behalf; you give up the right to require the State to prove your guilt beyond a reasonable doubt, which means you don't have to prove you're not guilty at trial, the State carries the entire burden; you give up the right not to be compelled to be a witness against yourself at trial, which means if you don't want to testify no one can force you to testify or use that decision against in anyway; and you give up the right to confront witnesses who testify against you by cross examining those witnesses.

{¶ 37} "Now, my first question is, do you understand what all those rights are about?

{¶ 38} "DEFENDANT HOGAN: Yes.

{¶ 39} *       *       *

{¶ 40} "THE COURT: Are you willing to waive the use of those rights or give them up totally for the purpose of entering a plea in this case?

{¶ 41} "Do you want to give up your Constitutional rights in order to make a plea of no contest, Mr. Hogan?

{¶ 42} "DEFENDANT HOGAN: Yes.

{¶ 43} *       *       *

{¶ 44} "THE COURT: All right.  Mr. Hogan, as to the two counts we discussed, how do yo wish to plead?

{¶ 45} "DEFENDANT HOGAN: No contest."   (T. 17-18).

{¶ 46} Defendant signed a written waiver of rights and a plea (Dkt. 17), in which he acknowledged, by separate initials:

{¶ 47} " I am advised that by pleading No Contest I am waiving my right to a jury trial, to confront witnesses against me, to have compulsory process for obtaining witnesses in my favor, to require the State of Ohio to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself and I voluntarily give up those rights by pleading No Contest."

{¶ 48} The waiver also states that the maximum punishment Defendant faced "is 2 years of imprisonment" . . ."and a fine of $5,000.00. . .," plus "court costs, restitution, or other financial sanctions."

{¶ 49} The court accepted Defendant's no contest plea, found Defendant guilty, and ordered a presentence investigation report.  The court set the matter for sentencing on August 14, 2010.  The court released Defendant on his own recognizance pending imposition of sentence.

{¶ 50} On July 23, 2010, Defendant, now represented by different counsel, filed a Crim.R. 32.1 motion to withdraw his no contest pleas.  (Dkt. 24).  The motion argued that Defendant's pleas were not voluntary.  In an attached affidavit, Defendant averred:

{¶ 51} "1.  I, MARCUS L. HOGAN, am the Defendant in case number

2010CR0174;

{¶ 52} "2.  I entered a guilty plea on Thursday June 17, 2010;

{¶ 53} "3.  I had been in custody for the previous twenty one (21) days.

{¶ 54} "4.  My lawyer told me the only way I could get out on bond was entering a plea;

{¶ 55} "5.  That once I entered a plea and was released from jail we would be able to fight my felony charges;

{¶ 56} "6.  My attorney and I spoke and I believe I have a valid defenses;

{¶ 57} "7.  I believe I am innocent of my charges;

{¶ 58} "8.   Therefore, I am requesting to withdraw from my guilty plea."

{¶ 59} The trial court held a hearing on August 4, 2010. Following that hearing, the trial court overruled Defendant's motion to withdraw his pleas, sentenced Defendant to five years of community control sanctions, and ordered Defendant to pay restitution in the form of back child support in the amount of $15,631.65.

{¶ 60} Defendant timely appealed to this court.

FIRST ASSIGNMENT OF ERROR

{¶ 61} "THE PROCEEDINGS WERE DEFECTIVE IN THAT THE COURT ERRED

IN ACCEPTING A PLEA WHICH WAS NEITHER KNOWINGLY, WILLINGLY, NOR INTELLIGENTLY MADE IN VIOLATION OF CRIM.R. 11 AND THE DEFENDANT'S CONSTITUTIONAL RIGHTS."

{¶ 62} Defendant argues that his no contest pleas were not entered knowingly, intelligently and voluntarily because, in accepting his pleas, the trial court failed to comply with Crim.R. 11(C)(2) in two respects: (1) the court failed to determine that Defendant understood the nature of the charges: (2) the court failed to inform Defendant about and determine that Defendant understood the effect of his pleas of no contest. The record of the plea hearing refutes Defendant's claims.

{¶ 63} Crim. R. 11(C)(2) provides:

{¶ 64} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 65} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 66} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest,

and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 67} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 68} In *State v. Russell*, Clark App. No. 10CA54, 2011-Ohio-1738, we stated:

{¶ 69} "¶7. The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *Clark* at ¶ 29. The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights. *Clark* at ¶ 31. The failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly. *State v. Griggs,* 103 Ohio St.3d 85, 2004–Ohio–4415, ¶ 12.

{¶ 70} "¶8. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108; *Greene* at ¶ 9. Substantial compliance means that, under

the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Miller,* Clark App. No. 08 CA 90, 2010-Ohio-4760, ¶ 8, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15. A defendant who challenges his guilty plea on the ground that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b) must show a prejudicial effect, which requires the defendant to show that the plea would otherwise not have been entered. *Griggs* at ¶ 12."

{¶ 71} With respect to the requirement in Crim.R. 11(C)(2)(b) that the trial court advise Defendant about and determine that Defendant understands the effect of his guilty or no contest plea(s), Defendant argues that statements that he made at the hearing on his motion to withdraw his pleas demonstrate that he did not understand the effect of his pleas. Defendant claims that he mistakenly thought that his no contest plea would enable him to get of jail on bond so he could then prove his innocence or have his day in court. That claim is refuted by the discussion held between the court and Defendant during the plea hearing, in which Defendant acknowledged his understanding of the court's explanation that the Defendant's plea would result in a waiver of his right to trial and a finding of guilty to the charges against him.

{¶ 72} The record of the plea hearing in this case demonstrates

that the trial court thoroughly complied with Crim.R. 11(C)(2) in accepting Defendant's pleas and was justified in determining that Defendant understood the nature of the charges and the effect of his no contest pleas. On this record, Defendant's pleas were entered knowingly, intelligently and voluntarily.

{¶ 73} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 74} "THE COURT ERRED IN VIOLATION OF CRIM.R. 32.1 BY FAILING TO ALLOW THE DEFENDANT TO WITHDRAW HIS PLEA."

{¶ 75} Defendant argues that the trial court abused its discretion by denying his presentence motion to withdraw his no contest pleas.

{¶ 76} In *State v. Flowers*, Montgomery App.No. 22751, 2009-Ohio-1945, this court stated:

{¶ 77} "{¶ 11} In *State v. Minkner,* Champaign App. No.2006CA32, 2007-Ohio-5574, at ¶ 7-9, this court stated:

{¶ 78} "{¶ 12} 'A defendant's motion to withdraw a guilty plea, made before sentencing, should be freely and liberally granted, provided the movant demonstrates a reasonable and legitimate basis for the withdrawal. *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. However, a defendant does not have an absolute right to withdraw his plea prior to sentencing. *Id.* A trial court must hold a hearing on the motion to determine if a reasonable and

legitimate basis exists for the withdrawal. Id.'

{¶ 79} "{¶ 13} 'The decision whether to grant or deny a presentence request to withdraw a guilty plea is a matter resting within the trial court's sound discretion. *Id.* Such decisions will not be disturbed on appeal absent a showing that the trial court abused its discretion; that is, acted in an unreasonable, arbitrary, unconscionable manner. *Id.*

{¶ 80} "{¶ 14} 'No abuse of discretion in denying a presentence motion to withdraw a plea is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863. A "change of heart" is not sufficient justification to permit withdrawal of a guilty plea. *State v. Lambrose* (1988), 44 Ohio App.3d 102, 541 N.E.2d 632; *State v. Landis* (Dec. 6, 1995), Montgomery App. No. 15099.'"

{¶ 81} An examination of this record demonstrates that Defendant was represented by an experienced, competent counsel during the trial/plea proceedings.  Defendant was afforded a full hearing before entering his no contest pleas, at which the trial court

meticulously complied with Crim.R. 11(C)(2) in accepting Defendant's pleas, including determining that Defendant understood the nature of the charges and the effect of his no contest pleas. Defendant was also afforded a complete and impartial hearing on his motion to withdraw his no contest pleas. The trial court gave full and fair consideration to Defendant's plea withdrawal request, but rejected it because Defendant failed to demonstrate a reasonable and legitimate basis for the withdrawal.

{¶ 82} The reason Defendant gave for wanting to withdraw his no contest pleas was that he mistakenly believed that after entering those pleas he would be released from jail and then have the chance to go into court and fight the charges by proving his defense, which would be that he was never properly served in 1999 with notice that he was obligated by court order to pay child support in Greene County. In other words, Defendant claimed that he did not understand that his no contest pleas concluded the issue of his failure to pay child support charges against him.

{¶ 83} The trial court properly concluded that Defendant's reason for wanting to withdraw his no contest pleas was not credible in light of the fact that Defendant had previously made child support payments, and more importantly, the advice the trial court gave Defendant at the time he entered his pleas: that following entry of his no contest pleas the court would make a finding of guilty.

Defendant indicated at the time of his plea that he understood that, as well as the maximum penalties that then applied.

{¶ 84} As for Defendant's claim that he has a defense to these charges, that he was never properly served with legal notice of the 1999 Order by the Greene County Domestic Relations Court that obligated him to pay child support in Greene County, that claim is not credible and not supported by the record.

{¶ 85} This case began in 1996, in Greene County Juvenile Court, as a paternity case. Defendant left Ohio and went to Mississippi. The Greene County Child Support Enforcement Agency completed paperwork pursuant to the Uniform Reciprocal Enforcement Support Act to establish paternity and Defendant's obligation to pay child support and forwarded those papers to Mississippi. Defendant was personally served in Mississippi with notice of proceedings on the support claim, but he failed to appear or otherwise respond. As a result, a Mississippi court found Defendant to be the father of the child and ordered him to pay child support. Defendant subsequently paid some amount of child support while in Mississippi.

{¶ 86} When Defendant returned to Ohio, the Greene County Child Support Enforcement Agency filed an action in Greene County Domestic Relations Court to register the Mississippi child support orders with the court in Greene County. The record demonstrates that Defendant was personally served with that process, on November 8,

1999, at 326 West Main Street in Trotwood, Ohio, which is his sister's residence and where Defendant stayed. Defendant concedes that his sister would have given him any court papers she received.

{¶ 87} Defendant does not argue that he was unaware of the court ordered obligation to pay child support in Greene County, inasmuch as payments were withheld from his paycheck. Further, Defendant did not at that time contest the withholding order. Under these facts and circumstances, Defendant's claim that he wanted to withdraw his no contest pleas because he has a valid defense to the charges because he was never properly served with the 1999 court order is not credible. No abuse of discretion on the part of the trial court in denying Defendant's motion to withdraw his no contest pleas is demonstrated.

{¶ 88} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And KLINE, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**

**Stephanie R. Hayden, Esq.**
**Gregory K. Lind, Esq.**
**Hon. Stephen A. Wolaver**