[Cite as *State v. Evans*, 2015-Ohio-5201.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                         :

    Plaintiff-Appellee,               :        CASE NO.   CA2015-06-110

                                :        O P I N I O N
   - vs -                                           12/14/2015

                                :

TRENTON EVANS,                         :

    Defendant-Appellant.              :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-08-1265

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

John T. Willard, P.O. Box 35, Hamilton, Ohio 45012, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1}   Defendant-appellant, Trenton Evans, appeals from the judgment of the Butler County Court of Common Pleas revoking his community control and sentencing him to an 18-month prison term.  For the reasons set forth below, we affirm.

{¶ 2}   In September 2013, appellant was indicted on two counts of having weapons while under disability, one count of unlawful possession of a dangerous ordnance, and one count of driving under suspension.  The charges arose after a vehicle appellant was driving

was stopped by law enforcement and several weapons were located within the vehicle. Following plea negotiations, appellant pled guilty on December 19, 2013, to one count of attempted having weapons while under disability in violation of R.C. 2923.02 and R.C. 2923.13(A)(3), a felony of the fourth degree. Appellant was sentenced on February 12, 2014, to three years of community control. Appellant did not directly appeal his conviction or sentence.

{¶ 3} In May 2015, appellant was charged with violating the terms of his community control. At a hearing held on June 11, 2015, appellant admitted to violating his community control. The trial court accepted this admission, revoked appellant's community control, and imposed an 18-month prison sentence.

{¶ 4} Appellant now appeals, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED IN THE INSTANT CASE WHEN AT THE PLEA HEARING IT FAILED TO ADVISE THE APPELLANT IN ACCORDANCE WITH CRIMINAL RULE 11(C)(2)(b) * * * THAT UPON ACCEPTANCE OF THE PLEA IT COULD PROCEED WITH JUDGMENT AND SENTENCING.

{¶ 6} In his sole assignment of error, appellant argues the trial court failed to properly advise him in accordance with Crim.R. 11(C) that the court could immediately proceed to sentencing after accepting his plea. Appellant has failed, however, to specify whether his argument pertains to his June 11, 2015 admission to violating his community control or his December 19, 2013 guilty plea to attempted having weapons while under disability. Either way, appellant's argument is without merit.

{¶ 7} With respect to appellant's June 11, 2015 admission, this court has previously determined that a defendant is not entitled to Crim.R. 11(C) dialogue at a revocation hearing. *State v. Mullins*, 12th Dist. Butler Nos. CA2011-10-195 and CA2011-10-196, 2012-Ohio-5005, ¶ 9. As "Crim.R. 11 is not applicable to revocation proceedings," appellant's argument

as it relates to the June 11, 2015 proceeding fails. *See Mullins* at ¶ 9-10; *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002 WL 649403, *3 (Apr. 22, 2002).

{¶ 8} Appellant's argument as it relates to his December 19, 2013 guilty plea also fails as his argument is barred by res judicata. *See State v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347; *State v. Havens*, 2d Dist. Champaign No. 10CA0027, 2011-Ohio-5019; *State v. Crutchfield*, 3d Dist. Paulding Nos. 11-01-09 and 11-01-10, 2002 WL 206008 (Feb. 8, 2002). Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *Dodson* at ¶ 9; *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. If appellant wished to challenge the trial court's Crim.R. 11 plea colloquy from his initial guilty plea to attempted having weapons while under disability, appellant should have directly appealed from the court's February 12, 2014 judgment entry of conviction. Appellant did not, however, appeal the February 12, 2014 entry, and the doctrine of res judicata prevents us from addressing the issue at this time. *Crutchfield* at *2; *Havens* at ¶ 9.

{¶ 9} Appellant's sole assignment of error is, therefore, overruled.

{¶ 10} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.