OPINION
{¶ 1} Defendant-appellant David E. Greene appeals from his conviction and sentence for receiving stolen property and failure to comply with an order or signal of a police officer. On January 3, 2005, Greene entered a plea of guilty to said offenses in exchange for a stipulation that the State would recommend six month prison sentences for each of the two counts, to be served consecutively for a total of twelve months incarceration. Greene was also required to pay $600.00 in restitution.
 {¶ 1} The trial court accepted Greene's plea and sentenced him to according to the State recommendation. Additionally the trial court suspended Greene's driver's license for life. Greene filed a timely notice of appeal on March 3, 2005.
 I {¶ 2} On October 23, 2004, Greene was observed by Officer Etchison of the Xenia Police Department driving a red 1999 Pontiac Grand Am which had been reported stolen earlier that day. Suspecting that this was the same vehicle that was reported stolen, Officer Etchison activated the lights on his police cruiser and shined a spotlight on the vehicle. Greene drove the vehicle out of the parking lot he was spotted in and proceeded east on Second Street in Xenia, Ohio. Greene was stopped and apprehended shortly thereafter in the vehicle through the use of stop sticks.
 {¶ 3} From his conviction and sentence, Greene appeals.
 II {¶ 4} Greene's first assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILT, AS IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."
 {¶ 6} In his first assignment, Greene contends that he did not subjectively understand the implications of his plea and the rights he was waiving because the trial court failed to inform him that he could be potentially subject to lifetime license suspension. Thus, Greene asserts that his guilty plea was not knowingly, voluntarily, or intelligently made and should be vacated. We agree.
 {¶ 7} Crim. R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim. R. 11(C)(2)(a).
 {¶ 8} In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void.Boykin v. Alabama (1969), 395 U.S. 238, 243, 89 S.Ct. 1709.
 {¶ 9} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 243-44. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); State v. Philpott (Dec. 14, 2000), 8th District No. 74392, citing McCarthy v. U.S.
(1969), 394 U.S. 459, 466, 89 S.Ct. 1166. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Nero, 56 Ohio St.3d at 108.
 {¶ 10} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v, Stewart (1977),51 Ohio St.2d 86, 93, 364 N.E.2d 1163, 1167; Crim. R. 52(A). The test is whether the plea would have been otherwise made. Id. At 108.
 {¶ 11} In reviewing the colloquy between the trial court and Greene, we find that the court did not substantially comply with the requirements set forth in Crim. R. 11(C). Based on the nature of his offenses, Greene was subject to a mandatory suspension of his driver's license ranging from a minimum of three years to a maximum lifetime suspension pursuant to R.C. § 4510.02. The record of the plea hearing and the sentencing hearing reveal that at no time was Greene orally advised by the trial court that his license was subject to a lifetime suspension. In fact, the only mention of a suspension of driving privileges in the plea form signed by Greene indicated that he would be subject to license suspension ranging from six months to five years for a drug related offense which was clearly not applicable given the nature of Greene's offenses.
 {¶ 12} We hold that Greene was prejudiced by the trial court's failure to inform him that he would receive a mandatory driver's license suspension of at least three years and as long as his natural life. It is reasonable to conclude that Greene would not have pled guilty had he been aware that he could receive a lifetime driving suspension.
 {¶ 13} Greene `s first assignment of error is sustained.
 III {¶ 14} Greene's final assignment of error is as follows:
 {¶ 15} "THE COURT'S IMPOSITION OF A LIFETIME DRIVER'S LICENSE SUSPENSION WAS EXCESSIVE, DISPROPORTIONATE TO APPELLANT'S OFFENSES, AND ACCOMPLISHED IN VIOLATIN (sic) OF APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS."
 {¶ 16} In light of our ruling with respect to Greene's first assignment, we hold that his final assignment of error is rendered moot.
 IV {¶ 17} Based upon the foregoing, Greene's first assignment is sustained, the judgment of the trial court is reversed and his pleas are vacated. This matter is remanded for further proceedings in accordance with the law and consistent with this opinion.
 {¶ 18} Judgment reversed and vacated.
GRADY, P.J., concurs separately, and in which separate concurrence WOLFF, J., joins.