[Cite as *State v. Mogle*, 2013-Ohio-5342.]


IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY


STATE OF OHIO

        Plaintiff-Appellee

v.

JOSEPH S. MOGLE

        Defendant-Appellant


Appellate Case Nos.     2013-CA-4/
                        2013-CA-5

Trial Court Case Nos.   2012-CR-191/
                        2013-CR-21
(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2013.

. . . . . . . . . . .

R. KELLY ORMSBY, III, by DEBORAH S. QUIGLEY, Atty. Reg. No. 0055455, Assistant Prosecuting Attorney, Darke County Prosecutor's Office, 504 South Broadway Street, Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

DARRELL L. HECKMAN, Atty. Reg No. 0002389, One Monument Square, Suite 200, Urbana, Ohio 43078
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    We are asked to decide whether the trial court erred in denying Appellant, Joseph S. Mogle's, motion to withdraw his guilty pleas. We find that the trial court abused its discretion, and we vacate the guilty pleas and reverse the convictions.

{¶ 2}    Where a preponderance of the evidence on the record demonstrates that Mogle entered pleas of guilty after his attorney mistakenly told him, due to the attorney's misunderstanding, that the trial court promised that it would sentence Mogle to community control and he was sentenced to prison, the trial court erred in not granting Mogle's motion to withdraw his guilty pleas.

{¶ 3}    The record supports Mogle's claim by a preponderance of the evidence that Mogle relied upon a nonexistent promise that he would receive community control. First, his attorney verified in the motion to withdraw the guilty pleas that due to having misunderstood what the judge said, the attorney told Mogle that the trial court had promised to sentence him to community control.  Secondly, the trial court did not inquire of Mogle during the Rule 11 plea colloquy whether he was relying on any promises not contained in the plea form. Thirdly, at the time of sentencing, the record and docket indicate that the trial court and counsel were in possession of a letter from the Defendant stating and attempting to verify the promise, but the import of the letter was not discussed on the record. Fourthly, the attorney seemingly alluded to the promise on the record at sentencing. Finally, the trial court verified in its order overruling the motion that it had discussed tentative sentencing results with defense counsel, but made no promises.

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

{¶ 4} Mogle was under supervision of community control for unlawful sexual conduct with a minor, a felony of the 4th degree, that is the subject of a companion appeal in 2d Dist. Darke No. 2013-CA-3. While under this supervision, Mogle was charged with two counts of failure of duty to register, R.C. 2950.04(E) and 2950.99, felonies of the fourth degree, and Aggravated Arson, R.C. 2909.02(A)(2), a felony of the second degree.

{¶ 5} On March 20, 2013, Mogle entered pleas of guilty to a reduced charge of arson, R.C. 2909.03(A)(1), (2d Dist. Darke No. 2013-CA-5 ) and one count of failure of duty to register, both felonies of the fourth degree. (2d Dist. Darke No. 2013-CA-4 ). These two appeals have been consolidated herein.

{¶ 6} The State orally recommended prison as part of the plea bargain. The plea form which Mogle signed stated: "No promises have been made except as part of this plea agreement stated entirely as follows." The blanks that followed were completed and indicated that no promises had been made except the reduction, dismissal, and restitution which were described. The plea form stated that the State recommended a prison sentence. The trial court did not ask Mogle during the hearing if he had been promised anything else.

{¶ 7} When the trial court asked Defense Counsel if he had anything to say, he stated: "Mr. Mogle is aware of certain discussions we've had in the meantime with the court, and I think he has something [inaudible] that as well." Tr., p. 4.

{¶ 8} The court held a sentencing and community control violation hearing on March 28, 2013. At the hearing, the trial court acknowledged receiving a letter from the Defendant the previous day. A letter signed by Mogle dated March 26 was file-stamped March 29 at 8:21 a.m., and is part of the record. The court gave the Defendant's letter to Defense Counsel. The letter was not marked for identification but is apparently the one file-stamped the next day. It reads in part:

I was supposed to be sentenced on March 25th and it was rescheduled for some reason but I know that you and my attorney talked about my cases and some of what will happen. I was informed that I wasn't going to prison on these 2 Felony 4's. I just want to make sure that's what the agreement was.

{¶ 9}    The transcript indicates a pause in the proceedings after Defense Counsel received the letter.   When the proceedings recommenced, there was no further discussion on the record concerning the letter or the alleged promise. The Adult Probation Department recommended a prison term at the sentencing.   The trial court sentenced Mogle to a prison term of ten months on each charge, to be served concurrently, and a term of ten months of prison on the probation violation, to be served consecutively to the two other concurrent ten-month terms.

{¶ 10}  On April 24, 2013, Mogle's Attorney filed a motion to withdraw the pleas of guilty on the basis that Counsel was under the impression that an agreement had been made with the Court in which the Defendant would receive a sentence of community control sanctions. Counsel stated in the motion that although he was evidently mistaken about what the trial court said, he had conveyed the promise to the Defendant, who relied upon the representation in entering the guilty pleas.

{¶ 11}  The court did not conduct a hearing on the motion. The trial court's order overruling the motion described its customary participation in cases, where it stated:

Contrary to the practice of some jurists who often have many years of experience, this Court customarily directly participates in the extensive pre-trial discussions with counsel regarding the facts of the case, the needs for evidentiary hearings and the parameters of sentence which may be imposed. This practice of engagement has been undertaken in order to make it somewhat easier for both

counsel to anticipate the conclusion of the case with the goal of maximizing the efficiency of docket management (i.e. to try those cases worthy of a trial and to plea those cases worthy of a plea). Such practice also helps the Court understand and anticipate evidentiary and procedural matters.

Other Judges do not engage in this process. In such cases, if a case proceeds to sentencing, their sentencing decisions are based merely on matters which appear on the record, such as the recommendations of counsel, pre-sentence investigations and related materials. Such distanced approach reduces the likelihood of motions such as the one raised herein. Judgment Entry, Doc. #33, p.3.

The trial court also described its participation in this case. Its order states:

Given the number of charges and their nature, numerous conversations occurred between counsel and the Court. A plea offer by the State in Case No. 13-CR-00021 included amending the charge to Arson, a fourth degree felony; as such, the presumptions against prison and the preference for community control sanctions as incorporated in H.B. 86 were considered. At the last conference with counsel, the Court indicated its perspective that a local sanction appeared appropriate but that the perspective of the Adult Probation Department would weigh significantly. Mr. Mogle's community control sanction was imposed July 20, 2012 and the Probation Department would best know his amenability for continued community control sanctions. *Id.* at p.2.

{¶ 12} Mogle appeals the trial court's order overruling the motion to withdraw the two guilty pleas.

## II. ASSIGNMENT OF ERROR

{¶ 13}   Mogle states the following assignment of error:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION

TO WITHDRAW GUILTY PLEA.

{¶ 14}   Mogle's statement of issue presented for review states: "Is a criminal defendant who pleads guilty in reliance on his trial counsel's promise that he will receive community control, entitled to withdraw his guilty plea if Counsel's justified representations are inaccurate?"

{¶ 15}   We answer this question in the affirmative under the circumstances of this case. We have emphasized the fact sensitive nature of this issue and limit our holding in this case to the particular facts presented. In *State v. McComb*, 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, ¶ 8, we stated:

The standard used to evaluate post-sentence motions for withdrawal asks whether a manifest injustice will afflict the defendant if the plea is not withdrawn. See Crim. R. 32.1. "Manifest injustice" eludes a single definition. The concept is flexible and whether it exists depends on the facts and circumstances in each case. (Citation omitted).

{¶ 16}   The trial court's determinations under Crim. R.  32.1 are reviewed by an abuse of discretion standard. *McComb,* at ¶ 10, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). *See, also, State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984).

{¶ 17}   The trial court did not order a hearing on Mogle's motion to withdraw the pleas. The first issue is whether Mogle was entitled to a hearing on the motion.  We have previously stated:

A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. *E.g.*, *State v. Blatnik* (1984), 17 Ohio App. 3d 201, 204. Where nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary. *(Citation omitted). State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12.

{¶ 18} The first issue we address is whether a hearing should have been held on the motion to withdraw. To begin the analysis, we must assume that Mogle's allegation is true. If the assumption leads to the conclusion that the motion should be granted, the first part of the test of whether to hold a hearing is satisfied. Here, Mogle's motion states that his attorney told him that the judge promised him a community control sentence, although the attorney was mistaken. The attorney's statement to Mogle was in the form of a judge's promise, not a mere prediction. Therefore, for the reasons stated below, the first consideration in favor of a hearing was satisfied.

{¶ 19} The second issue is whether there is any evidence on the record supporting a claim of an involuntary plea in addition to Mogle's self-serving affidavit or statement. There was sufficient corroboration to require an evidentiary hearing.

{¶ 20} Mogle's attorney acknowledged in the motion and memorandum that he conveyed the promise (due to misunderstanding the Court) to Mogle. When called upon by the trial court to speak at sentencing, Defense Counsel stated, "Mr. Mogle is aware of certain discussions we have had in the meantime with the court * * *." Also, Mogle's belief and reliance are corroborated by his letter, which the trial court gave to his attorney at the sentencing hearing,

and was later made part of the record. Finally, the trial court did not ask Mogle during the plea colloquy whether Mogle was relying on any promises other than those detailed in the plea form.

**{¶ 21}** The State argued that there was evidence on the record that undermined the plausibility of Mogle's belief in the promise. However, such evidence is not definitive.

**{¶ 22}** The trial court stated at the change of plea hearing that it needed to confer with the probation officer for an update on the Defendant's progress. However, this does not eliminate the possibility of a promised community control sentence. The information may have been needed to determine the conditions of either a community control sentence or prison.

**{¶ 23}** The State points to its recommendation for a prison sentence as evidence that community control was obviously not promised. However, the State also notes that the plea form states that "recommendations by the parties are not binding and the judge has full discretion to pronounce such sentence as the judge may determine to be appropriate." If the judge had promised community control as the Defendant was told, the plea form indicates that the court is not bound by the State's recommendation. The form also states that the judge has full discretion to sentence as it may determine to be appropriate. From Mogle's view that could be reasonably interpreted to mean the judge had the discretion to impose a community control sentence as promised.

**{¶ 24}** The answers to both parts of the test requiring a hearing were satisfied. Therefore, the trial court abused its discretion by not conducting an evidentiary hearing on the motion to withdraw the guilty pleas.

**{¶ 25}** The next issue we must resolve is whether the trial court abused its discretion by overruling the motion. We have previously discussed the law concerning when a defendant may withdraw a post-sentencing plea by stating that:

A change of heart after becoming aware of an imminent, unexpectedly harsh sentence does not entitle a defendant to withdraw his guilty plea. *Long* at *17. A manifest injustice generally does not result when a defendant holds (as he discovers) a mistaken belief that his sentence would be significantly lighter than the one actually imposed. *See State v. Lambros* (1988), 44 Ohio App.3d 102, 541 N.E.2d 632. The reason for the belief is key. If defense counsel caused the belief, what counsel exactly said must be examined. A manifest injustice does not necessarily arise merely because counsel is wrong about the sentence that is actually imposed. *Only if counsel promised the defendant that a guilty plea will result in a lower sentence than is actually imposed would a manifest injustice potentially result. See State v. Blatnik* (1984), 17 Ohio App.3d 725, 478 N.E.2d 1016. If counsel simply made a prediction, there would be no manifest injustice. *Id. In other words, counsel's erroneous advice and incorrect speculation regarding the sentence that is likely to be imposed potentially results in a manifest injustice only if counsel said that a guilty plea will result in a particular sentence, but not if counsel said that it probably will result.* (Emphasis added). *McComb,* 2d Dist. Montgomery Nos. 22570, 22571, 2009-Ohio-295, at ¶ 9.

**{¶ 26}** The reason for the Defendant's belief is key. If the Defense Attorney told the Defendant what he speculated the sentence would be, and the attorney was mistaken, there is no manifest injustice. If the Defense Attorney promised the Defendant what the sentence would be and he is sentenced to more, manifest injustice is potentially present. *Id.*

III. CONCLUSION

{¶ 27} Although the plea form states no other promises were made, the weight of the evidence heavily favors Mogle's motion. Mogle proved by a preponderance of the evidence that he relied on a promise for a community control sentence and demonstrated manifest injustice from the record. The trial court abused its discretion when it did not hold an evidentiary hearing and overruled Mogle's motion to withdraw his guilty pleas.

{¶ 28} We sustain Mogle's assignment of error. The order overruling Mogle's motions to withdraw his pleas of guilty is reversed, the guilty pleas are vacated, and the convictions are reversed. The matter is remanded for further proceedings consistent with this decision. It is so ordered.

. . . . . . . . . . . . .

FROELICH and HALL, JJ.,   concur.

Copies mailed to:

R. Kelly Ormsby, III
Deborah S. Quigley
Darrell L. Heckman
Hon. Jonathan P. Hein