**[Cite as *State v. Smith*, 2020-Ohio-3901.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28339 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-3659 |
| | : | |
| DANIEL T. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of July, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER C. GREEN, Atty. Reg. No. 0077072, 130 West Second Street, Suite 830, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  Daniel T. Smith appeals from the trial court's February 28, 2019 judgment entry of conviction, following his pleas of guilty, on one count of rape (by force or threat of force), in violation of R.C. 2907.02(A)(2), a felony of the first degree (Count 1), and one count of felonious assault (serious harm), in violation of R.C. 2903.11(A)(1), a felony of the second degree (Count 2).   The court sentenced Smith to ten years for rape and two years for felonious assault, to be served consecutively, and the court designated him a Tier III sex offender.   For the foregoing reasons, the judgment of the trial court is affirmed.

{¶ 2} Smith was indicted on December 5, 2016.   In the indictment, Counts 1 and 2 contained repeat violent offender specifications.   In addition to the offenses of which he was convicted, Smith was also charged with kidnapping (sexual activity) (Count 3), and with kidnapping (felony or flight) (Count 4), both felonies of the first degree with accompanying repeat violent offender specifications, and with abduction (Count 5), a felony of the third degree.

{¶ 3} On February 8, 2019, in response to Smith's requests for access to grand jury testimony and the victim's medical records, the trial court issued a decision that provided:

> At the request of Defendant, the Court has conducted an in camera review of the Grand Jury testimony of the complaining witness in this case. After such review, the Court finds that Defendant does not have particularized need for disclosure that outweighs the need for secrecy of the Grand Jury proceedings.   Accordingly, Defendant's Motion for Inspection of Grand Jury Testimony is OVERRULED.
>
> The Court has also conducted an in camera inspection of the medical

records of the complaining witness in this case. After such review, the Court finds that the medical records are not relevant, and Defendant is not entitled to their release. Accordingly, Defendant's Motion for Disclosure of Complainant's Records is hereby OVERRULED.

{¶ 4} On February 14, 2019, Smith entered into a plea agreement; he agreed to plead guilty to Counts 1 and 2 in exchange for the dismissal of the remaining counts and all specifications.

{¶ 5} In his initial brief, Smith asserts two assignments of error:

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO INSPECT THE GRAND JURY TESTIMONY.

THE TRIAL COURT ERRED WHEN IT DENIED THE MEDICAL RECORDS TO MR. SMITH'S DEFENSE COUNSEL.

{¶ 6} The following is well-settled:

A plea of guilty is a complete admission of guilt. Consequently, a guilty plea waives all appealable errors * * * except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Harris*, 2d Dist. Montgomery No. 27179, 2017-Ohio-9052, ¶ 7; *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.); *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9.

*State v. Williams*, 2d Dist. Montgomery No. 27771, 2018-Ohio-2972, ¶ 4, 6 (finding that the defendant-appellant's guilty plea waived his right to appeal the trial court's denial of his motion to suppress).

{¶ 7}  The record reflects that the court advised Smith of the maximum penalties for each offense, and Smith indicated his understanding.  The State recited the facts supporting the charges, and based upon those facts, Smith entered his pleas.  The court advised Smith of the constitutional rights he waived by entering his pleas, and he indicated his understanding.  Smith's plea forms stated that he understood the constitutional rights he waived by pleading guilty and that he "voluntarily g[a]ve up those rights."  The forms stated that he understood the nature of the charges against him, that Smith's pleas were "voluntary," and that "[n]o coercion, force or threats have been used to induce my plea(s).  No promises were made to me to induce my plea(s).  The plea was a negotiated plea and the entire underlying agreement upon which the plea is based has been stated on the record in open court."  Defense counsel represented to the court that he had had an opportunity to review the plea forms with his client, and the court noted for the record that, prior to the plea hearing, counsel "did take some time" to go over the forms with Smith.  Based upon the forgoing, we conclude that Smith's guilty plea waived his right to appeal the denial of his motions to inspect the grand jury testimony and to obtain the victim's medical records.  Accordingly, Smith's initial assigned errors are overruled.

{¶ 8} On March 17, 2020, Smith filed an amended brief with an additional assignment of error:

THE TRIAL COURT ERRED WHEN IT ACCEPTED MR. SMITH'S GUILTY PLEA WHEN THE PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN.

{¶ 9} Smith asserts that he was not informed that, by pleading guilty, he was

forfeiting the right to appeal all of the rulings on his pretrial motions, and his guilty plea was not knowingly, intelligently, and voluntarily entered. Smith points out that, "just one week prior to his plea," the trial court overruled three of his motions, and that this was a "demonstrative indication" that he "was never provided any information that he was unable to appeal" any of the trial court's rulings on his motions.

{¶ 10} The State responds that Smith's pleas were given knowingly, voluntarily, and intelligently, directing our attention to *State v. Jones*, 2d Dist. Greene No. 2017-CA-27, 2018-Ohio-2219.

{¶ 11} In reply, Smith again asserts that there was "no reason to believe that [he] subjectively understood the implications of his plea and the rights he waived."

{¶ 12} We agree with the State.

* * * Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his plea, but the defendant, as part of this discussion, *does not have to be informed that by pleading guilty he is waiving his right to appeal any pretrial rulings. State v. Portis*, 2d Dist. Clark No. 2013-CA-53, 2014-Ohio-3641, ¶ 12; *State v. Satterwhite*, 2d Dist. Montgomery No. 23142, 2009-Ohio-6593. The rationale for this conclusion is that "[t]he information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, assures that defendants enter pleas with knowledge of the rights they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 11, citing *State v. Nero*, 56 Ohio St.3d

106, 107, 564 N.E.2d 474 (1990); *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

(Emphasis added.). *Jones* at ¶ 13.

{¶ 13} The record reflects that Smith's pleas were entered knowingly, intelligently, and voluntarily. The trial court was not required to advise Smith that his guilty pleas waived his right to appeal any pretrial rulings. Accordingly, Smith's third assignment of error is overruled.

{¶ 14} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Christopher C. Green
Hon. Barbara P. Gorman