[Cite as *State v. Meriwether*, 2026-Ohio-2428.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-53 |
| Appellee | : | |
| | : | Trial Court Case No. 2023CR0232 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| BRICE TAYLOR MERIWETHER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 26, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

CHRISTOPHER B. EPLEY, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

JOHN A. FISCHER, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

EPLEY, J.

{¶ 1} Brice Meriwether appeals his convictions in the Greene County Common Pleas Court following his guilty plea to one count of aggravated possession of drugs, a felony of third degree, and one count of operating a vehicle while under the influence of alcohol or drugs, a misdemeanor of the fourth degree. Meriwether asserts that his plea was not made knowingly, intelligently, and voluntarily. Additionally, Meriwether contends that he was denied the effective assistance of counsel when his attorney allowed him to enter a guilty plea instead of a no-contest plea. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On March 12, 2022, at approximately 3:00 a.m., a Sugarcreek Township Police officer responded to a call regarding a car parked at the entrance of Washington Mill Park in Sugarcreek Township, Ohio. The vehicle was running, and Meriwether was observed sleeping inside the vehicle. The officer knocked on the window to request Meriwether's driver's license and insurance, which Meriwether provided. The officer noticed that Meriwether's speech was slurred and that he appeared to be nodding off while the officer was asking him questions, so the officer asked him to step out of the vehicle. Meriwether initially refused, but after the officer asked several times, he stepped out of his car. The officer noticed that Meriwether's pupils were constricted and he was slow to answer questions. The officer decided to conduct field sobriety tests.

{¶ 3} First, the officer performed a horizontal gaze nystagmus test to detect the presence of alcohol impairment, and Meriwether passed. Next, the officer performed a test for lack of convergence to determine whether Meriwether was under the influence of drugs. During this test, the officer completed two circles around Meriwether's face before moving his finger close to Meriwether's nose without touching it. If the subject of this test is not under the influence, the subject's eyes will converge. The opposite will happen if the subject is under the influence. The officer conducted this test on Meriwether twice, and during the second time, the officer observed lack of convergence. Additionally, the officer conducted a modified Romberg test, during which the subject is asked to tilt his head back, close his eyes, and estimate the passage of thirty seconds. A slow response can indicate the presence of drugs. Meriwether said "stop" after one minute and said he believed it had been 27 seconds. Finally, the officer conducted a finger dexterity test, during which Meriwether was asked to count to four, forwards and backwards, four times while touching his thumb to each of his fingers. Meriwether did not pass this test, and at that point, the officer placed Meriwether under arrest for OVI. Before having Meriwether's vehicle towed, the officer conducted an inventory search of the car and found what he believed to be a methamphetamine pipe.

{¶ 4} On April 21, 2023, Meriwether was indicted on one count of aggravated possession of drugs, a felony of the third degree, and two counts of OVI, felonies of the fourth degree. Meriwether filed a motion to suppress, challenging the constitutionality of his stop and detention and requesting that the trial court suppress any evidence arising therefrom. The trial court denied this motion in its entirety on July 24, 2024. On August 14, 2025, Meriwether pled guilty to aggravated possession of drugs and an amended charge of OVI as a first-degree misdemeanor. In exchange, the State of Ohio agreed to dismiss the

3

felony OVI charges in the original indictment and recommend community control sanctions. On September 25, 2025, the trial court sentenced Meriwether to a prison term of twenty-four months.

{¶ 5} Meriwether appeals from his convictions, raising two assignments of error.

**II. Meriwether's Plea Was Made Knowingly, Intelligently, and Voluntarily**

{¶ 6} In his first assignment of error, Meriwether asserts that his guilty plea was not made knowingly, intelligently, and voluntarily because the trial court did not advise him on how his plea would affect his ability to challenge the trial court's pretrial motions rulings. Meriwether acknowledges that there is nothing in the record to establish the extent of his understanding of the impact of his guilty plea on his subsequent appellate rights. Notwithstanding, Meriwether argues that the trial court and the parties should have expected that he would want to appeal the trial court's denial of his motion to suppress.

{¶ 7} To comply with due process and be constitutionally valid, a guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Lenoir*, 2025-Ohio-563, ¶ 13 (2d Dist.), citing *State v. Miller*, 2017-Ohio-478, ¶ 9 (2d Dist.). In determining whether a plea met those criteria, we conduct a de novo review of the record and examine the totality of the circumstances to ensure that the trial court complied with constitutional and procedural safeguards. *Id.*, citing *State v. Redavide*, 2015-Ohio-3056, ¶ 10 (2d Dist.).

{¶ 8} For a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C). *Lenoir* at ¶ 14, citing *State v. Russell*, 2011-Ohio-1738, ¶ 6 (2d Dist.), and *State v. Greene*, 2006-Ohio-480, ¶ 8 (2d Dist.). Crim.R. 11(C) sets forth the process that a trial court must follow before accepting a felony plea of guilty or no contest and allows the trial court to ensure that a defendant's plea is knowing, intelligent, and voluntary. *Id.*, citing *State v. Veney*, 2008-Ohio-5200, ¶ 8. Specifically, Crim.R. 11(C)(2) requires the trial

4

court to address the defendant personally and make the following determinations: (a) that the defendant is making the plea voluntarily and understands the nature of the charges, maximum penalty, and eligibility for probation or community control sanctions; (b) that the defendant understands the effect of the plea and that the court may proceed with judgment and sentencing following acceptance of the plea; and (c) that the defendant understands that, by entering the plea, he or she is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial, during which the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(a) through (c). A guilty plea is a complete admission of a defendant's guilt. Crim.R. 11(B)(2).

{¶ 9} Notably, a no-contest plea does not preclude a defendant from raising on appeal the trial court's ruling on a pretrial motion, including a pretrial motion to suppress evidence. Crim.R. 12(I). In contrast, a guilty plea "operates as waiver of claimed errors of the trial court in overruling pretrial motions." *State v. Graves*, 2005-Ohio-5579, ¶ 19 (2d Dist.). "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his plea, but the defendant, as part of this discussion, does not have to be informed that by pleading guilty he is waiving his right to appeal any pretrial rulings." *State v. Jones*, 2018-Ohio-2219, ¶ 13 (2d Dist.). The rationale behind this principle is that "the information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, assures that defendants enter pleas with knowledge of the rights they would forego and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 2004-Ohio-4415, ¶ 11. "However, if the trial court says anything that could create confusion concerning the defendant's appellate rights or if the defendant

indicates such confusion, this could, of course, undermine the Crim.R. 11(C)(2)(b) effect of plea discussion and render the plea less than voluntary, knowing, and intelligent." *Jones* at ¶ 14.

**{¶ 10}** Here, the trial court informed Meriwether that his guilty plea constituted a "complete admission [he] committed the allegations in those charges" and that, following the acceptance of Meriwether's plea, the court could proceed with sentencing. Most importantly, the court complied with Crim.R. 11(C)(2)(a) through (c) when it advised Meriwether that, by pleading guilty, he was waiving his right to a jury trial, as well as the right to confront all of the state's witnesses, to subpoena witnesses on his behalf, and to require the State prove every element of the offenses charged beyond a reasonable doubt without being compelled to testify against himself. Meriwether stated that he understood and never made any statements to the court to indicate that he was confused about this aspect of his plea.

**{¶ 11}** Because there is nothing in the record to suggest that Meriwether was confused about his appellate rights, we cannot conclude that the trial court's failure to specifically advise Meriwether regarding those rights made his plea less than knowing, voluntary, and intelligent.

**{¶ 12}** Meriwether's first assignment of error is overruled.

### III. Meriwether's Counsel was Not Ineffective

**{¶ 13}** In his second assignment of error, Meriwether asserts that he was denied the effective assistance of counsel because his attorney allowed him to enter a guilty plea rather than a plea of no contest.

**{¶ 14}** "To establish ineffective assistance of counsel, [a defendant] must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability

6

that, but for the errors, the outcome of his trial would have been different." *Lenoir*, 2025-Ohio-563, ¶ 22 (2d Dist.). "Trial counsel is entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance." *Id.* "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *Id.*, citing *State v. Frazier*, 2016-Ohio-727, ¶ 45 (2d Dist.), *State v. Cook*, 65 Ohio St.3d 516, 524-525 (1992), and *State v. Rucker*, 2012-Ohio-4860, ¶ 58 (2d Dist.).

{¶ 15} To be successful on his claim that his counsel was ineffective for allowing him to plead guilty rather than no contest, Meriwether must establish that "(1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the defendant that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had defendant been so advised, the defendant would have rejected the plea offer." *Id.* at ¶ 24, citing *Frazier* at ¶ 82 and *State v. McGlown*, 2013-Ohio-2762, ¶ 17 (2d Dist.).

{¶ 16} There is nothing in the record to suggest or demonstrate that the State would have agreed to a no-contest plea on the same terms as those agreed upon in exchange for Meriwether's guilty plea. Rather, as the State noted in its responsive brief, Meriwether benefited significantly from the State's agreement to amend one of the OVI charges to a first-degree misdemeanor, dismiss the second OVI charge, and recommend community control sanctions. The State further asserted that, given Meriwether's three prior convictions for OVI, "it is highly unlikely that the State would have extended the same generosity in exchange for a no-contest plea."

**{¶ 17}** In addition, the record is devoid of any evidence that Meriwether's counsel failed to advise him that a no-contest plea would preserve his right to appeal pretrial rulings. Instead, the record of the plea hearing establishes that Meriwether had the opportunity to confer with his counsel at any time during the trial court's plea colloquy, and Meriwether expressed satisfaction with his counsel's representation. There is nothing in the record before us to suggest that Meriwether's counsel failed to advise him as to the effects of his guilty plea, including the impact on his appellate rights.

**{¶ 18}** Finally, there is nothing in the record to demonstrate that Meriwether would have rejected the plea offer if he had been aware of its impact on his ability to appeal pretrial rulings. The record establishes that Meriwether expressed his satisfaction with his counsel repeatedly and stated multiple times on the record that he wished to enter his guilty plea and proceed to sentencing.

**{¶ 19}** Accordingly, Meriwether fails to establish that his counsel was ineffective for allowing him to plead no contest instead of guilty. Meriwether's second assignment of error is overruled.

### IV. Conclusion

**{¶ 20}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.