[Cite as *State v. Castillo-Rueles*, 2019-Ohio-5063.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff- Appellee,

v.

ADRIAN CASTILLO-RUELES,

Defendant- Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 MA 0145**

---

Motion to Withdraw Guilty Plea

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Edward A. Czopur*, DeGenova & Yarwood, Ltd., 42 North Phelps St., Youngstown, Ohio 44503 for Defendant- Appellant and

*Atty. Paul J. Gains, Mahoning County Prosecutor, Atty. Ralph M. Rivera, Assistant Prosecuting Attorney,* 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff- Appellee.

**Dated: December 5, 2019**

**PER CURIAM.**

{¶1}　Defendant-Appellant Adrian Castillo-Rueles appeals the decision of Mahoning County Common Pleas Court denying his post-sentence motion to withdraw his guilty plea.　The issue in this case is whether the trial court abused its discretion in denying the motion.　For the reasons expressed below, the decision of the trial court is affirmed.

<u>Statement of the Case</u>

{¶2}　On October 28, 2014, while in a detention facility in Mahoning County, Appellant attacked another inmate with a lock in a sock causing serious physical harm to the victim. Appellant was thereafter indicted for two counts of felonious assault in violation of R.C. 2903.11(A)(2)(D) and R.C. 2903.11(A)(1)(D), both second-degree felonies and one count of attempted murder in violation of 2903.02(A)(D) and 2923.02(A), a first-degree felony. 2/5/15 Indictment.

{¶3}　Following plea negotiations, Appellant pled guilty to felonious assault in violation of R.C. 2903.11(A)(2)(D).　The remaining count of felonious assault and the attempted murder count were dismissed.　The parties agreed to jointly recommend a four-year sentence for the felonious assault conviction and for that sentence to be served concurrently with a federal drug trafficking sentence that he was currently serving.　The trial court accepted the guilty plea after advising Appellant of the constitutional and nonconstitutional rights he was waiving by pleading guilty.

{¶4}　During the plea colloquy, the trial court was advised that Appellant is not a U.S. citizen, is of Mexican descent, and does not speak a lot of English.　The trial court was also advised that Appellant had an immigration holder on him and was awaiting deportation after completion of the sentence.

{¶5}　The trial court proceeded immediately to sentencing and followed the joint recommendation of a four-year sentence to be served concurrently with the federal sentence.　7/14/15 J.E.

{¶6}　Less than a month after the sentence was imposed, Appellant filed a pro se motion to withdraw his guilty plea.　Appellant asserted trial counsel told him he would

<u>Case No. 16 MA 0145</u>

receive a six-month sentence to run concurrent with his federal sentence. He also asserted that he understands very little English, he did not understand the entire proceedings, and he was coached on what to say. 8/8/16 Motion to Withdraw Guilty Plea.

{¶7} The trial court ordered the transcript of the plea hearing, and after reviewing the transcript, overruled the motion to withdraw the guilty plea. 8/12/16 J.E. It reasoned:

> The Court finds that the issues outlineD in Defendant's motion were addressed in detail at said hearing, namely the Defendant's ability to understand the English language, to understand the nature of charges and possible penalties and fines, the entire contents of the Rule 11 agreement, the Defendant's citizenship, etc. The Court finds there is no merit to such claims. Therefore the Defendant's motion is overruled.

8/12/16 J.E.

{¶8} Appellant filed a timely appeal from that decision.

### Assignment of Error

"The trial court erred in denying Appellant's post-sentence motion to withdraw his plea."

{¶9} The decision to grant or deny a defendant's motion to withdraw a guilty plea is within the trial court's discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶10} Crim.R. 32.1 governs motions to withdraw guilty or no contest pleas and states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Therefore, since Appellant's motion to withdraw is a post-sentence motion to withdraw a guilty plea it can only be granted to correct a manifest injustice.

{¶11} This is a fairly stringent standard for deciding a post-sentence motion to withdraw a guilty plea. *Xie*, 62 Ohio St.3d at 526. The Ohio Supreme Court has defined "a manifest injustice" as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*,

83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Our court has defined it as "an extraordinary and fundamental flaw in the plea proceedings." *State v. Threats*, 7th Dist. Jefferson No. 18 JE 0003, 2018-Ohio-3825, ¶ 39.

**{¶12}** The burden of establishing the existence of a manifest injustice is on the party seeking to vacate the plea. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). Post-sentence plea withdrawal is allowable only in an extraordinary case. *Id.*

**{¶13}** The basis of Appellant's argument to withdraw his guilty plea is on his limited understanding of the English language and that trial counsel promised him he would receive a six-month sentence for the felonious assault conviction that would run concurrent to his federal sentence. He cites our court to the Second Appellate District decision in *State v. Mogle*, 2d Dist. Drake Nos. 2013-CA-4 and 2013-CA-5, 2013-Ohio-5342.

**{¶14}** The state counters asserting the transcript of the plea hearing proceedings clearly indicate Appellant was advised of the potential penalties he was facing and what the parties were jointly recommending for the sentence. The transcript further demonstrates the language barrier was addressed and it was not an issue. Furthermore, the state asserts this case is distinguishable from *Mogle*.

**{¶15}** The potential language barrier was brought to the trial court's attention during the plea hearing. Tr. 6-9. The attorney asked the trial court to speak a little slower because although Appellant understands English, it is not his first language. Tr. 6. Appellant, when asked whether he reads English, stated "a little". Tr. 6. Appellant confirmed that his attorney read him the plea agreement and he understood it. Tr. 7. He indicated his attorney speaks a little Spanish and the attorney's Spanish is so-so. Tr. 8. When asked if his attorney did a good job, Appellant indicated counsel did. Tr. 9.

**{¶16}** The transcript also indicates that the trial court was cognizant of the potential language barrier. The trial court explained everything in simple concise terms. At one point, the trial court asked Appellant if he wanted to ask his attorney or the court a question because the court noticed Appellant was looking at his lawyer. Tr. 13. Appellant stated no. Tr. 13.

**{¶17}** Questions and answers during the plea colloquy indicated that the language barrier in this instance was minimal. For instance, during the colloquy the trial court stated that this happened in prison and that Appellant feared for his life and he took a calculated risk in acting in this manner. Tr. 21-22. The court then stated that if Appellant had to do it it again he probably would do the same thing. Tr. 22. Appellant stated no and the following discussion occurred:

> The Court: Okay. You would not?
> The Defendant: No, Sir.
> The Court: What would you do this time?
> The Defendant: Because I had too much stress, too much -- talk to my CO
> – you know, I talk to CO. The CO don't do nothing. So I need to defend
> myself.
> The Court: Yeah. I understand. You felt you were defending yourself. The
> question I asked you was if you had to do it all over again, would you have
> done the same thing?
> [Defense Counsel]: To protect yourself.
> The Defendant: Yeah. To protect myself, yeah.

Tr. 22-23.

**{¶18}** Therefore, the language barrier was not a basis for finding a manifest injustice.

**{¶19}** As to the issue of whether Appellant was told he would receive a six-month sentence, the record does not support this assertion. Although the sentence on the plea agreement is whited out, that alone does not indicate that Appellant was told he would receive a six-month sentence. Nothing stated at the plea hearing indicates that a six-month sentence was discussed. Furthermore, no filings in this case indicate that a six-month sentence was promised or discussed.

**{¶20}** Despite Appellant's insistence, this case is not analogous to the Second Appellate District's *Mogle* case. In *Mogle*, the defendant pled guilty to failure of duty to register and the reduced charge of arson. *Mogle*, 2013-Ohio-5342 at ¶ 5. The state recommended Mogle to be sentenced to prison. The plea form indicated that no promises

had been made as part of the plea agreement; however during the hearing Mogle was not asked if he had been promised anything in exchange for the guilty plea. *Id.* at ¶ 6.

**{¶21}** At the plea hearing, defense counsel made mention that Mogle was aware of sentencing discussions with the court. *Id.* at ¶ 7. At the sentencing hearing, the court noted that it had received a letter from Mogle. *Id.* at ¶ 8. That letter was file stamped and indicated that Mogle was informed he would not receive a prison sentence. *Id.* At the conclusion of the sentencing hearing, Mogle was sentenced to prison. *Id.* at ¶ 9. He then filed a motion to withdraw his guilty pleas. *Id.* at ¶ 10. The trial court overruled the motion. *Id.* at ¶ 11.

**{¶22}** Given the specific facts of the case, the appellate court reversed the trial court's decision finding it abused its discretion in overruling the motion to withdraw. *Id.* at ¶ 15. In doing so, it noted that a change of heart based on a harsher sentence than expected does not entitle a defendant to withdraw a guilty plea. *Id.* at ¶ 25. However, if defense counsel promised the offender that a guilty plea would result in a lower sentence than actually imposed, a manifest injustice could result. "In other words, counsel's erroneous advise and incorrect speculation regarding the sentence that is likely to be imposed potentially results in a manifest injustice only if counsel said that a guilty plea will result in a particular sentence, but not if counsel said that it probably will result." *Id.* quoting *State v. McComb*, 2d Dist. Montgomery Nos. 22570 and 22572, 2009-Ohio-295, ¶ 9.

**{¶23}** The *Mogle* Court found the following facts indicated there was a manifest injustice:

> The record supports Mogle's claim by a preponderance of the evidence that Mogle relied upon a nonexistent promise that he would receive community control. First, his attorney verified in the motion to withdraw the guilty pleas that due to having misunderstood what the judge said, the attorney told Mogle that the trial court had promised to sentence him to community control. Secondly, the trial court did not inquire of Mogle during the Rule 11 plea colloquy whether he was relying on any promises not contained in the plea form. Thirdly, at the time of sentencing, the record and docket indicate that the trial court and counsel were in possession of a letter from the

Defendant stating and attempting to verify the promise, but the import of the letter was not discussed on the record. Fourthly, the attorney seemingly alluded to the promise on the record at sentencing. Finally, the trial court verified in its order overruling the motion that it had discussed tentative sentencing results with defense counsel, but made no promises.

*Id.* at ¶ 3.

**{¶24}** None of those facts are present in the case at hand. Appellant was told the maximum sentence he was facing and the recommended sentence was noted on the record in the told of the jointly recommended sentence. Tr. 3, 5, 9. Therefore is no indication in the transcript that there was a discussion or promise of a six-month sentence. Furthermore, Appellant when asked at the hearing if he was promised anything in exchange for the plea Appellant replied no. Tr. 9-10. The written plea agreement also contained that question and it was answered in the negative. 7/14/15 Plea Agreement. Moreover, there is no indication from trial counsel that a six-month sentence was promised. Accordingly, this case is not analogous to *Mogle*.

**{¶25}** There is nothing in the record to suggest Appellant was promised a six-month sentence for his guilty plea. There is no basis to find a manifest injustice in this case. In conclusion, for the reasons expressed above, the trial court did not abuse its discretion in denying the post-sentence motion to withdraw a guilty plea. The trial court's decision is affirmed.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 16 MA 0145</u>