[Cite as *State v. Williams*, 2018-Ohio-2972.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27771 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-226/1 |
| | : | |
| RANDALL WILLIAMS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JEFFREY R. MCQUISTON, Atty. Reg. No. 0027605, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Randall Williams pled guilty in the Montgomery County Court of Common Pleas to three counts of kidnapping, two counts of aggravated burglary, two counts of aggravated robbery, and one count each of safecracking, having weapons while under disability, ethnic intimidation, and receiving stolen property. Eight of the counts included a firearm specification, to which he also pled guilty. After merging certain counts and specifications, the trial court sentenced Williams to an aggregate term of nine years in prison (an aggregate three-year sentence for the underlying offenses and a total of six years for two consecutive firearm specifications) and ordered him to pay restitution.[1]

{¶ 2} Williams appeals from his conviction, raising two assignments of error; both of his assignments of error concern the trial court's denial of a pretrial motion to suppress evidence. Specifically, Williams claims that (1) the trial court considered "extraneous evidence" and made numerous factual findings that were not supported by the record in concluding that there was probable cause for his arrest, and (2) the officer's pat down exceeded the scope of a permissible pat down for weapons.

{¶ 3} The State has responded that, by pleading guilty, Williams has waived his right to challenge the trial court's ruling on his motion to suppress. In his reply brief, Williams claims that we should address his assignments of error, because the "irregularity of the proceedings" regarding the trial court's factual findings constituted "a fundamental

---

[1] The judgment entry appears to include several typographical errors. For example, the entry identifies Count 7 as aggravated burglary when it should read aggravated robbery. The entry also indicates that there were firearm specifications associated with Counts 9 (weapons under disability), 11 (ethnic intimidation) and 12 (receiving stolen property), but the firearm specifications were limited to Counts 1-8 (kidnapping, aggravated burglary, aggravated robbery, and safecracking). Any typographical errors may be corrected by means of a nunc pro tunc entry.

violation of [his] basic rights to due process."

**{¶ 4}** A plea of guilty is a complete admission of guilt. Consequently, a guilty plea waives all appealable errors, including a ruling on a motion to suppress, except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea. *See, e.g., State v. Harris*, 2d Dist. Montgomery No. 27179, 2017-Ohio-9052, ¶ 7; *State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633, ¶ 81 (2d Dist.); *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶ 9.

**{¶ 5}** Williams does not claim that his plea was not entered knowingly, intelligently, and voluntarily. And, at the plea hearing, the trial court addressed the effect of Williams's guilty pleas on his ability to appeal pretrial rulings, stating:

THE COURT: You're entering a guilty plea to the various charges; do you understand the effect of that is that you're making a complete admission of guilt -- I should say charges and specifications. Do you understand the effect of that is that you're making a complete admission of guilt with regard to those charges and the specifications, and you waive your right to appeal any pre-trial rulings? Do you understand that?

THE DEFENDANT: Yes, sir.

**{¶ 6}** On the record before us, Williams has waived his right to appeal the trial court's denial of his motion to suppress. Accordingly, the assignments of error are overruled.

**{¶ 7}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Sarah E. Hutnik
Jeffrey R. McQuiston
Hon. Timothy N. O'Connell