[Cite as *State v. Reyes*, 2024-Ohio-977.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 2023-CA-39 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 204 |
| | : | |
| LUIS JORGE PENALOZA REYES, aka | : | (Criminal Appeal from Common Pleas |
| LUDIS VELASQUEZ, aka | : | Court) |
| LUIS JORGE DENALOZA REYES, aka | : | |
| LUIS JORGE PENALO REYES, aka | : | |
| LUIS JORGE PENALOZA-REYES | | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 15, 2024

. . . . . . . . . . .

THOMAS M. KOLLIN, Attorney for Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Luis Jorge Penaloza Reyes appeals from an order of the Champaign County

Court of Common Pleas denying him bond.  Having subsequently pled guilty, Reyes's

argument regarding the denial of bail is moot; the argument also fails on the merits. The judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} On November 6, 2023, Reyes was indicted on one count of aggravated trafficking in drugs, two counts of aggravated possession of drugs, one count of possession of cocaine, and one count of possession of criminal tools, all with attendant firearm specifications. The indictment also contained one count of improper handling of a firearm in a motor vehicle, one count of carrying a concealed weapon, and one count of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility.

{¶ 3} The events giving rise to the indictment occurred on November 3, 2023, after Lieutenant Robert McConnell of the Mechanicsburg Police Department stopped a vehicle driven by Reyes for making a very loud noise. McConnell learned that the registration for the vehicle was expired and, in talking to Reyes, he smelled burnt marijuana and observed open beer cans inside the car. Reyes did not have a valid license.

{¶ 4} Reyes took his jacket off as he got out of the vehicle, leaving the jacket inside, and was then wearing only a tee shirt; McConnell found this suspicious because of the cold weather. During an inventory search of the vehicle, McConnell found a .45 caliber handgun containing one round of .40 caliber ammunition in Reyes's coat. The handle of the weapon was wrapped in tape. McConnell arrested Reyes for carrying a concealed weapon. Fifty-nine grams of a crystal-like substance was also found in a baggie; McConnell believed it to be methamphetamine. After being sent a photo of the substance, a narcotics expert identified it as a horse vitamin known as MDM, which is

used by drug traffickers to cut with methamphetamine. A pen tube containing cocaine was also found in the vehicle.

{¶ 5} After Reyes's fingerprints were obtained, McConnell learned that they were on file with the FBI and that Reyes had an active arrest warrant in Marysville Municipal Court for failure to appear on traffic charges of speeding, no operator's license, and driving under suspension. During questioning, Reyes admitted that the firearm contained mismatched ammunition, that the MDM was a cooking ingredient used in his home country, that he would test positive for cocaine, and that he did not have an immigration VISA or driver's license and was not lawfully in the United States. A urine test was positive for methamphetamine, amphetamine, and MDMA. At the Tri-County Jail, Reyes, who was wearing two pairs of pants, was found to be in possession of 21 grams of methamphetamine. A federal detainer was placed against Reyes based upon probable cause that he was an illegal alien subject to deportation.

{¶ 6} On November 7, 2023, the State filed a motion requesting that Reyes be held without bail; the motion noted the facts set forth above and included a narrative of the November 3, 2023 traffic stop that led to Reyes's arrest. The State further noted that, pursuant to R.C. 2937.222(A), the court was required to detain Reyes until the conclusion of a hearing on the motion.

{¶ 7} On November 13, 2023, the court held a hearing on the motion to deny bail, having continued the arraignment. Lieutenant McConnell testified, and nine exhibits were admitted without objection. The court granted the motion to deny bail by entry the following day. The court considered Count 1, aggravated trafficking in drugs, as a felony

of the second degree, rather than of the first degree, because the State had not presented evidence at the hearing that the offense was committed in the vicinity of a school as charged. The court found that the offense was a qualifying offense for the denial of bail pursuant to R.C. 2937.222(A) and subject to mandatory imprisonment.

{¶ 8} The court further found by clear and convincing evidence that Reyes had committed aggravated trafficking in drugs by knowingly possessing methamphetamine in an amount equal to or in excess of five times the bulk amount during the traffic stop. The court found that Reyes posed a serious risk of serious physical harm to any person or the community based upon his unlawful possession of a loaded firearm, his knowledge of the mismatched caliber of the bullet to the caliber of the gun, and the taping of the handle, which indicated "not only a design to use, but avoid detection for the use of the firearm, in the event factual circumstances required deadly force during the sale or resale of the drug." The court also found that the amount of methamphetamine Reyes possessed, along with 59 grams of a mixing agent, posed a substantial risk of serious physical harm "to the drug dependent citizens of Champaign County."

{¶ 9} Finally, the court found that no release conditions would reasonably assure the safety of persons or the community, noting that were Reyes to be released from custody, he was automatically subject to federal deportation "based upon being classified as an illegal alien."

{¶ 10} On January 3, 2024, pursuant to an agreement, Reyes pled guilty to aggravated possession of drugs, including the attendant firearm specification, and to carrying a concealed weapon, in exchange for dismissal of the other charges. Reyes

was sentenced to a prison term on January 12, 2024.

**Assignments of Error and Analysis**

{¶ 11} Reyes asserts the following assignment of error:

* * * THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE STATE'S MOTION TO HOLD DEFENDANT WITHOUT BOND PURSUANT TO R.C. 2937.222 WHILST APPELLANT WAS DEFENDING ALLEGATIONS LEVIED BY THE STATE.

{¶ 12} Reyes argues that the trial court abused its discretion in holding him without bond. He relies on *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus, and suggests that, although the issue may be moot in his case, we may consider his appeal "where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." According to Reyes, due to a lack of evidence at the hearing on bail, the trial court abused its discretion in finding that the State had established by clear and convincing evidence that he committed an offense that qualified for the denial of bail under R.C. 2937.222, that he posed a substantial risk of serious physical harm to the community, and/or that no release conditions "would reasonably assure the safety of the community." Reyes asserts that his appeal "poses significant and great public interest."

{¶ 13} The State responds that Reyes's interlocutory appeal of the trial court's denial of bond is now moot, because Reyes waived any pretrial errors when he pled guilty, and he did not appeal from the judgment entry of conviction. According to the State, after the trial court imposed sentence, Reyes was no longer under a bail order, thus there

is no action for this court to take.    Alternatively, the State asserts that, if we do not find that mootness requires dismissal, the record reflects that the trial court did not err in requiring that Reyes be held without bond based on the testimony of Lieutenant McConnell and the evidence seized in the course of Reyes's arrest.   The State notes that, although differences of opinion exist regarding the applicable standard of review in such a matter, the trial court was correct under any of the standards, citing *State v. Mitchell*, 2019-Ohio-2465, 139 N.E.3d 556 (2d Dist.).

{¶ 14} We agree with the State's argument that Reyes's guilty pleas rendered consideration of the bond issue moot.   "A plea of guilty is a complete admission of guilt." *State v. Williams*, 2d Dist. Montgomery No. 27771, 2018-Ohio-2972, ¶ 4. "Consequently, a guilty plea waives all appealable errors * * * except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea." *Id.*   Reyes does not assert that his plea was not entered knowingly, intelligently, and voluntarily.   In accepting Reyes's plea, the court noted that Reyes was advised in open court of possible deportation, exclusion, or denial of naturalization due to his guilty plea and was advised of all his constitutional rights.   The court found that Reyes "made a knowing, intelligent, and voluntary waiver of those rights pursuant to Criminal Rule 11."

{¶ 15} Having found the issue of bail to be moot, we do not agree with Reyes that a great public interest is implicated herein.   Moreover, analysis of the merits of Reyes's assignment of error is not required, but we will briefly discuss that the record reflects that the court did not err in denying bail.

{¶ 16} R.C. 2937.222(A) states that "[o]n the motion of the prosecuting attorney or on the judge's own motion, the judge shall hold a hearing to determine whether an accused person charged with * * * a felony of the first or second degree * * * shall be denied bail." R.C. 2937.222(A) further provides that "the state has the burden of proving that the proof is evident or the presumption great that the accused committed the offense with which the accused is charged, of proving that the accused poses a substantial risk of serious physical harm to any person or to the community, and of proving that no release conditions will reasonably assure the safety of that person and the community." A "substantial risk" is defined as "a strong possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8).

{¶ 17} R.C. 2937.222(B) further states:

No accused person shall be denied bail pursuant to this section unless the judge finds by clear and convincing evidence that the proof is evident or the presumption great that the accused committed the offense described in division (A) of this section with which the accused is charged, finds by clear and convincing evidence that the accused poses a substantial risk of serious physical harm to any person or to the community, and finds by clear and convincing evidence that no release conditions will reasonably assure the safety of that person and the community.

{¶ 18} R.C. 2937.222(C) requires the court to consider all available information regarding all of the listed factors therein. The factors encompass the nature and

circumstances of the offense charged, including: if the offense involved a drug of abuse; the weight of the evidence against the accused; the accused's history and characteristics; and the nature and seriousness of the danger to any person or the community posed by the accused's release.

**{¶ 19}** As the State has noted, "a difference of opinion exists about the applicable standard of review." *Mitchell,* 2019-Ohio-2465, 139 N.E.3d 556, at ¶ 18-24. In *Mitchell*, we discussed differing standards of review employed by the Tenth, Eleventh, and Sixth Districts on the issue of the denial of bail, but we concluded that we did not need to resolve the conflicts in those cases "because the trial court's decision was correct under any of these standards." *Id.* The same is true herein. Consistent with R.C. 2937.222(C), the trial court considered each factor in detail. Aggravated trafficking in drugs, as a felony of the second degree, was a qualifying offense for the denial of bail and subject to mandatory imprisonment. Further, Reyes was subject to deportation as an illegal alien, he possessed a large amount of methamphetamine, he possessed a loaded gun under circumstances suggesting a willingness to use it, and he had previously failed to appear in court. In this situation, the trial court reasonably denied bail under any of the standards of review.

**{¶ 20}** Reyes's assignment error is moot, but even if we were to consider it, it would be without merit. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.